ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LCDO. LUIS A. SÁNCHEZ SOLER; LCDO. HOMEL A. MERCADO JUSTINIANO; LCDA. GLORIA M. JUSTINIANO IRIZARRY<br><br>Recurridos<br><br>V.<br><br>ORLANDO RAMOS RULLÁN<br><br>Peticionario | KLCE202301350 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: MZ2021CV01664<br><br>Sobre: Orden de Consignación Emitida por el TPI |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 23 de enero de 2024.

El Sr. Orlando Ramos Rullán nos solicita la revocación de la Resolución y Orden emitida el 31 de octubre de 2023 por el Tribunal de Primera Instancia, Sala de Utuado [TPI]. Mediante referida determinación, el foro primario ordenó la consignación de la cantidad de $51,500.00, más el 5% por concepto del interés legal, conforme lo dispuesto en la sentencia del Tribunal de Apelaciones del 13 de marzo de 2023 en la causa KLAN202300031.

Por las razones que exponemos, desestimamos el recurso de *Certiorari,* por falta de jurisdicción.

### I.

El 21 de diciembre de 2021, los recurridos Lcdo. Luis Sánchez Soler, Lcdo. Homel A. Mercado Justiniano, Lcda. Gloria M. Justiniano Irizarry presentaron una Demanda de cobro de

dinero contra el señor Ramos Rullán. En esencia, alegaron que el señor Ramos Rullán incumplió con un contrato de servicios profesionales.

El 25 de agosto de 2022, los demandantes instaron una "Moción en Solicitud de Sentencia Sumaria". El 2 de septiembre de 2022 el señor Ramos Rullán se opuso y el 22 de septiembre de 2022 contestó la demanda e interpuso una **reconvención** en la que integró a los cónyuges de los demandantes y a las respectivas sociedades legales de gananciales. Tras ello, el 19 de octubre de 2022 el foro primario emitió el emplazamiento para Nichole M. Torres González por sí y como coadministradora de la Sociedad Legal de Gananciales que mantiene con el Lcdo. Homel A. Mercado Justiniano.[1]

Luego de varios trámites, 13 de diciembre de 2022, el TPI dictó sentencia parcial concediendo el remedio sumario. Consecuentemente, le ordenó a la parte demandada a consignar en el Tribunal (a) $57,500.00 de principal adeudado añadiéndole a ello el 5% por concepto del interés legal (b) $5,000 en concepto de honorarios de abogado.

En desacuerdo, el señor Ramos Rullán presentó en este foro intermedio un recurso de Apelación asignado a la causa KLAN202300031. Mientras tanto, Nichole M. Torres González y Homel A. Mercado Justiniano, por si y en representación de la Sociedad Legal de gananciales compuesta por ambos, fueron emplazados el **27 de enero de 2023**.[2]

El 13 de marzo de 2023 este Panel dictó una Sentencia para modificar la *Sentencia Parcial* a los fines de reducir el principal

---

[1] Examinamos el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B. Véase, entradas 59 y 60.
[2] Resolución y Orden del 2 de agosto de 2023, SUMAC, entrada 89.

adeudado a $51,500.00 y eliminar los honorarios de abogado. En julio de 2023 este Tribunal de Apelaciones emitió la *Carta de trámite sobre mandato* en el caso KLAN202300031.

El 2 de agosto de 2023 el señor Ramos Rullán presentó una *Solicitud Urgente para que se señale una vista presencial sobre el estado de los procedimientos*. Ese mismo día, 2 de agosto, la parte demandante presentó una *Oposición a solicitud de vista presencial sobre el estado de los procedimientos*. Sostuvo que la parte demandada debía cumplir con la orden de consignación de los $51,500.00 de principal adeudado añadiéndole a ello el 5% por concepto del interés legal en un término de (10) días y otras órdenes.[3]

Tras otros trámites, el 3 de agosto de 2023 la Lcda. Nichole Mariel Torres González contestó la reconvención. El mismo 3 de agosto de 2023, notificada el día 10, el foro primario emitió una orden para que la Parte Demandada mostrara causa por la cual debía consignar en el Tribunal la cantidad de $51,500.00 de principal adeudado añadiéndole a ello el 5% por concepto del interés legal."[4]

El 10 de agosto de 2023 el señor Ramos Rullán presentó la *Moción para mostrar causa*. En esta indicó que el pago está supeditado a la resultancia final del litigio cuando se adjudique en los méritos la **reconvención** que incoó. Posteriormente, en *Moción en cumplimiento de orden* el señor Ramos Rullán agregó que la orden de consignación, de manera exparte, constituye una privación de la propiedad del demandado sin el debido proceso de ley. Alegó que el demandante tiene a su disposición otros mecanismos para el aseguramiento de la efectividad de la

---

[3] Apéndice págs. 60-61.
[4] SUMAC, entrada 96.

sentencia parcial dictada a su favor, por lo que, solicitó que se dejara sin efecto la orden de consignación.

Luego de otros escritos, el 31 de octubre de 2023 el foro primario emitió la Resolución y Orden que aquí se cuestiona. Decretó que advino final y firme la obligación de la Parte Demandada-Reconviniente de satisfacer a la Parte Demandante Reconvenida la cantidad de $51,500.00.

Luego de solicitar reconsideración, y esta ser denegada, el 13 de noviembre de 2023, notificada el día 15 de noviembre, el señor Ramos Rullán acudió a nuestro foro en recurso de *Certiorari* presentado el 1ro de diciembre de 2023*.*

Al día siguiente, el señor Ramos Rullán certificó que les notificó el recurso a los demandantes recurridos Lcdo. Sánchez Soler, Lcdo. Mercado Justiniano y a la Lcda. Justiniano Irizarry.

El 19 de diciembre de 2023 la Lcda. Nichole M. Torres González presentó un escrito intitulado *Comparecencia especial sin someterse a la jurisdicción y Moción de Desestimación por falta de notificación adecuada en violación al debido proceso de ley y al Reglamento del Tribunal de Apelaciones*.   Adujo que fue emplazada el 27 de enero de 2023, sin embargo, el recurrente no le notificó el recurso de Certiorari dentro del término de cumplimiento estricto dispuesto en la Regla 33 (B) del Reglamento del Tribunal de Apelaciones[5].   Por ello, solicitó la desestimación del recurso.

El 27 de diciembre de 2023 el señor Ramos Rullán presentó su oposición a la solicitud de desestimación del recurso.   Explicó las razones para no notificar el recurso oportunamente e indicó que en esa misma fecha le estaba remitiendo a la Lcda. Torres

---

[5] Regla 33 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

González, la copia de la petición de Certiorari. Unió a su escrito varios documentos, entre ellos, una Urgente Moción al Expediente Judicial en la cual informó que durante el periodo comprendido entre los días 20 de noviembre al 11 de diciembre de 2023 estaría fuera de Puerto Rico atendiendo una situación personal de salud y que se reincorporaría a su oficina el 12 de diciembre de 2023.

Traída ante nuestra consideración la controversia sobre la falta de notificación del recurso a la parte reconvenida Nichole Torres González, evaluamos nuestra jurisdicción para entender en este asunto.

**II.**

**A.**

La jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí. Miranda Corrada v. DDEC et al., 2023 TSPR 40, 211 DPR ___ (2023); Cobra Acquisitions, LLC v. Municipio de Yabucoa, 210 DPR 384, 394 (2022). Es normativa asentada que las cuestiones relativas a la jurisdicción de un tribunal gozan de un carácter privilegiado y, como tal, deben atenderse y resolverse con preferencia a cualesquiera otras. Báez Figueroa v. Adm. Corrección, 209 DPR 288, 298 (2022). Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018).

Así pues, cuando un tribunal determina que no tiene jurisdicción para intervenir, procede la inmediata desestimación,

conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. Allied Mgmt. Group. v. Oriental Bank, 204 DPR 374, 386-387 (2020).

**B.**

El Reglamento del Tribunal de Apelaciones, junto a otras reglas y leyes, regula el trámite y perfeccionamiento de los recursos apelativos. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98, 104 (2013). Reiteradamente el Tribunal Supremo ha expresado que las normas sobre el perfeccionamiento de los recursos ante el Tribunal de Apelaciones deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. Pérez Soto v. Cantera Pérez, Inc. et al., *supra*, págs. 104-105; Lugo v. Suárez, 165 DPR 729, 737 (2005).

Así, la Regla 33 (B) de nuestro Reglamento, 4 LPRA Ap. XXIIB, que regula los aspectos referentes a los requisitos de notificación de los recursos de *certiorari,* dispone en lo aquí pertinente lo siguiente:

(B) Notificación del recurso a las partes

La parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación, a los abogados de récord, o en su defecto, a las partes, así como al Procurador General y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, **dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto**. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados o abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección, de estar la parte representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo. La parte peticionaria certificará el hecho de la notificación

en la propia solicitud de certiorari. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. (Énfasis nuestro).

[…]

A tenor con lo antes esbozado, la parte que promueve un recurso de *certiorari* dispone del mismo plazo que el estado de derecho le provee para acudir en alzada para notificar su gestión a la parte oponente. Este término de cumplimiento estricto es de treinta (30) días de notificada la resolución u orden recurrida. Regla 52.2(b), Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b); Regla 32 D del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32(D). Vemos que, entre los requisitos para perfeccionar el recurso apelativo, se encuentra su notificación a **las partes**, lo cual incide en la jurisdicción del tribunal. Pérez Soto v. Cantera Pérez, Inc. et al., *supra*, 105. (Énfasis suplido).

En cuanto al concepto de "parte" el Tribunal Supremo expresó que "una persona es considerada *parte* una vez se diligencia el emplazamiento y se adquiere jurisdicción sobre esta." González Pagán v. Moret Guevara, 202 DPR 1062, 1072 (2019); Acosta v. ABC, Inc., 142 DPR 927, 931 (1997); Medina Garay v. Medina Garay, 161 DPR 806, 816–817 (2004). Al respecto, se ha expresado en distintas ocasiones que este concepto está atado al de jurisdicción de la persona. González Pagán v. Moret Guevara, *supra*; Medina Garay v. Medina Garay, *supra*, pág. 816; Acosta v. ABC, Inc., *supra*.

Los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley. Montañez Leduc v. Robinson Santana, 198 DPR 543 (2017). A esos efectos, en el contexto particular de la presentación de recursos ante el Tribunal de Apelaciones, se ha comentado que la notificación es imperativa ya que coloca a la

parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. Montañez Leduc v. Robinson Santana, *supra*.

En virtud de las precitadas reglas de nuestro Reglamento, el plazo dispuesto para la notificación de un recurso a este foro es de cumplimiento estricto. A diferencia de un término jurisdiccional, un término de cumplimiento estricto puede prorrogarse siempre y cuando exista una justa causa. Ahora bien, los tribunales no gozamos de discreción para prorrogar los términos de cumplimiento estricto automáticamente. Rivera Marcucci et al v. Suiza Dairy, 196 DPR 157, 170 (2016); Toro Rivera v. ELA, 194 DPR 393, 414 (2015); Soto Pino v. Uno Radio Group, 189 DPR 84 (2013); Montañez Leduc v. Robinson Santana, *supra*. Los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, y no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo. Maldonado v. Taco Maker, 181 DPR 281 (2011); Arriaga v. FSE, 145 DPR 122 (1998).

La justa causa se acredita mediante explicaciones concretas y particulares, -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Por otro lado, no constituyen justa causa las "vaguedades y las excusas o planteamientos estereotipados". Rivera Marcucci et al v. Suiza Dairy, *supra*, págs. 171-172; Soto Pino v. Uno Radio Group, *supra*, pág. 93; Febles v. Romar, 159 DPR 714, 720 (2003). De lo contrario, la acreditación de la justa causa se convertiría en un juego de "mero automatismo" con justificaciones

genéricas carentes de los detalles que causaron la dilación. Rivera Marcucci et al v. Suiza Dairy, *supra*, pág. 172. De permitirse esto, los términos reglamentarios redundarían en "metas amorfas que cualquier parte podría postergar".  Íd. Planteamientos como que el incumplimiento fue "involuntario", que "no se debió a falta de interés", que no hubo "menosprecio al proceso", no configuraban justa causa. Rivera Marcucci et al v. Suiza Dairy, *supra*, pág. 173; citando a Arriaga v. F.S.E., 145 DPR 122, 132 (1998). Tampoco lo es la excusa de que "la notificación tardía no había causado ningún perjuicio indebido a la parte contraria porque había tenido una notificación en un término razonable." Íd. Ello es así, pues si los tribunales fueran a aceptar ese planteamiento, los términos de cumplimiento estricto se convertirían en un mero formalismo. Íd.

Por consiguiente, para establecer justa causa, la parte deberá demostrar al tribunal 1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida. Rivera Marcucci et al v. Suiza Dairy, *supra*, pág. 171.  Si la parte concernida no cumple ambas exigencias, el tribunal carece de discreción para excusar su conducta. Toro Rivera v. ELA, *supra,* pág. 415*.*  En consideración a lo anterior, si se suscita un incumplimiento sin justa causa, necesariamente procede la desestimación del recurso presentado. Montañez Leduc v. Robinson Santana, *supra*, pág. 551.  Esto es, la falta de oportuna notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación*.* González Pagán v. Moret Guevara*, supra,* pág. 1071; Montañez Leduc v. Robinson Santana, *supra*, págs. 549–553; Pérez Soto v. Cantera Pérez, *supra*, pág.

105. De manera que, "[e]l recurso que no se notifica a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora." González Pagán v. Moret Guevara, *supra*, págs. 1071-1072; Soto Pino v. Uno Radio Group, *supra*, pág. 91; Cárdenas Maxán v. Rodríguez, 119 DPR 642, 659 (1987).

**III.**

Como foro apelativo, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

El 1ro de diciembre de 2023 Ramos Rullán presentó un recurso de *certiorari* por no estar conforme con una determinación que emitió el foro primario el 31 de octubre de 2023. El señor Ramos Rullán solicitó reconsideración, la cual fue denegada el 13 de noviembre, notificada el 15 de noviembre de 2023. Así pues, a partir de esa fecha el señor Ramos Rullán disponía de treinta (30) días para presentar y notificar el recurso a todas las partes para que el recurso quede debidamente perfeccionado.

Mediante moción de comparecencia especial la Lcda. Nichole M. Torres González nos solicita la desestimación del recurso porque el señor Ramos Rullán no le notificó el recurso de certiorari, según dispone la Regla 33 (B) del Reglamento del Tribunal de Apelaciones, *supra*.

Evaluamos el expediente y en efecto, el 22 de septiembre de 2022 el señor Ramos Rullán incorporó al pleito a la Lcda. Torres González mediante una reconvención. La Lcda. Torres González fue emplazada el 27 de enero de 2023, por lo que, era necesario que el señor Ramos Rullán le notificara el recurso, a tenor con lo dispuesto en la Regla 33 (B) del Reglamento del Tribunal de Apelaciones, a los fines de perfeccionar el presente recurso.

Para justificar su falta de notificación oportuna, el 27 de diciembre de 2023, el señor Ramos Rullán nos informó, en síntesis, que la Lcda. Nichole Torres, no es parte demandante, sino que es reconvenida en una reclamación que el demandado incoó entro del mismo litigio. Mencionó que la Lcda. Torres Gonzáles es esposa del co-demandante Homel A. Mercado Justiniano y como tal, es de suponer que ha estado enterada de las incidencias procesales. También adujo que presentó el recurso apresuradamente, quince (15) días antes de que venciera el término, debido a que tenía que ausentarse fuera de Puerto Rico para atender una situación personal de salud. Explicó que ese mismo día, 27 de diciembre de 2023, le estaba remitiendo a la Lcda. Torres González copia de la petición de Certiorari. Esto es, a doce (12) días en exceso del término reglamentario dispuesto para tales gestiones.

Como vemos, es incontrovertible el hecho de que la Lcda. Torres González fue unida como parte en la acción y no fue notificada oportunamente del recurso que atendemos. Justipreciamos, a su vez, que las razones que expresó el señor Ramos Rullán para evidenciar su incumplimiento, no constituyen justa causa que nos permita extender el término de notificación. Incluso su viaje, del 20 de noviembre al 11 de diciembre de 2023, por condiciones de salud, no lo eximió de notificar el recurso a tiempo, pues el recurso se presentó el 1ro de diciembre, dentro de ese mismo periodo en que notificó que estaría de viaje. Por tanto, peticionario incumplió con la exigencia procesal relativa al deber de notificar oportunamente su recurso de *certiorari* y sin una acreditación de justa causa para ello. Ello nos lleva a concluir que no perfeccionó adecuadamente su recurso.

El Tribunal Supremo ha reiterado que el incumplimiento con las disposiciones sobre notificación de los recursos priva de jurisdicción a los tribunales para atender el recurso. Cuando no tenemos jurisdicción, solamente tenemos autoridad para así expresarlo.

**IV.**

Por los fundamentos que anteceden, que hacemos formar parte de este dictamen, se desestima el presente recurso por falta de jurisdicción al no haberse notificado oportunamente a una de las partes, ni demostrado justa causa para tal omisión.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones